# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MALIC STEPHENS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV422-283 |
| | ) | CR420-064 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Malic Stephens pleaded guilty to a single count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act conspiracy"). *See* doc. 100 at 1 (Judgment).[1] He was sentenced to 150 months of incarceration and a three-year term of supervised release. *See id.* at 2-3. His conviction and sentence were affirmed on direct appeal. *See generally United States v. Stephens*, 2022 WL 2392827 (11th Cir. July 1, 2022); *see also* doc. 192 (Appeal Opinion). He timely filed a motion to vacate the judgment, pursuant to 28 U.S.C. § 2255. *See* doc. 199. The Government moved to dismiss his Motion. Doc.

---

[1] The Court cites to the criminal docket in CR420-064 unless otherwise noted.

1

201. Stephens responded in opposition. Doc. 202. As explained below, the Government's Motion should be **GRANTED**. Doc. 201. Civil Action CV422-283 should, therefore, be **DISMISSED** in its entirety. Stephens has also moved for appointed counsel. Doc. 203. For the reasons explained below, that Motion is **DENIED**. *Id.*

## ANALYSIS

Before discussing the Government's argument for dismissal of Stephens' Motion, the Court will address his request for appointed counsel. Doc. 203. Stephens requests appointed counsel pursuant to Rules 6 and 8 of the Rules Governing Section 2255 Proceedings. *See id.* at 1. However, those two rules apply only if discovery is appropriate, Rule 6(a), Rules Governing Section 2255 Proceedings, or if an evidentiary hearing is warranted, Rule 8(c), Rules Governing Section 2255 Proceedings. As explained below, Stephens' Motion should be dismissed without the need for any discovery or evidentiary hearing. The Rules are, therefore, unavailing.

There is also no constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (there is no constitutional right to counsel when collaterally attacking a

conviction or sentence); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). The Court *may* appoint counsel, pursuant to 18 U.S.C. § 3006A(a)(2)(B), for indigent movants seeking § 2255 relief, at the Court's discretion. *See id.* ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Appointment of counsel is appropriate only in "exceptional circumstances," *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992), where appointment is "necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted); DONALD E. WILKES, JR., *Federal Postconviction Remedies & Relief* § 2.2 (July 2020) ("Except in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," counsel need not be appointed). This case does not present any such circumstances. Accordingly, Stephens' Motion to Appoint Counsel is **DENIED**. Doc. 203.

Stephens' Motion asserts a single ground for relief.  *See* doc. 199 at 4.  He cites to the Supreme Court's opinion in *United States v. Taylor* holding that robbery "with an interstate component," *i.e.*, "Hobbs Act robbery," pursuant to 18 U.S.C. § 1951(a), was not a "crime of violence," as that term is used in 18 U.S.C. § 924(c).  *See* ___ U.S. ___, 142 S. Ct. 2015, 2019, 2025-26 (2022); *see also* doc. 199 at 4.  He contends that "[a]s a result, conspiracy to commit Hobbs Act [r]obbery cannot stand in [his] conviction under the elements clause of 18 U.S.C. § 924(c)(3)(A) and is unconstitutionally vague."  Doc. 199 at 4.  The Government, quite cogently, notes that Stephens "was not convicted under 18 U.S.C. § 924(c); therefore, his Hobbs Act conspiracy conviction was never considered a 'crime of violence' for the purposes of that statute."  Doc. 201 at 1, 10-11.  The Government also argues that any challenge to Stephens' conviction based on *Taylor*, including his contention that § 1951(a) is unconstitutionally vague, is procedurally defaulted.  *See id.* at 6-9.

Stephens' response to the Government's Motion focuses, albeit not clearly, on its procedural default argument.  He states that his counsel did not "inform [him] that 'Hobbs [A]ct [r]obbery' was not a 'crime of violence[.]'"  Doc. 202 at 1.  Apparently relevant to the Government's

procedural default argument, he contends that he had "limited access to [the] law library[, so i]t would have been impossible for [him] to acknowledge that case to the courts stating Hobbs [A]ct [r]obbery was not a crime of violence[, *i.e.*, *Taylor*]." *Id.* He alleges that counsel "pressured" him to stipulate to three robberies and misadvised him of his sentencing exposure. *Id.* at 1-2. He notes that his Indictment includes an allegation that he conspired to commit robbery "by means of actual and threatened force, violence, and fear of injury," to the alleged victims. *See id.* at 2; *see also* doc. 1 at 2 (Indictment). He then disputes the calculation of his sentence under the United States Sentencing Guidelines. *Id.* He also states he "want[s] to know why [he] wasn't sentenced under the '[F]irst Step Act[.]'" *Id.* at 3. Nowhere in his response does he address the fact, pointed out by the Government, that whether or not Hobbs Act Robbery is a crime of violence has no apparent relevance to his case. *See generally id.*

While the Government focuses on Stephens' procedural default of his claim—correctly, as discussed below—the fact of his procedural default does not prevent the Court from beginning with the obvious defects in the claim's merits. *Cf. Johnson v. United States*, 779 F.3d 125,

127 (2d Cir. 2015) (avoiding "a (likely unedifying) tour of the procedural landscape," because "procedural default is prudential rather than jurisdictional in nature," and movant's "argument fail on the merits." (internal quotation marks and citation omitted)); *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (noting that "procedural default is not a jurisdictional bar to review" of the merits of a claim). The Government points out that Stephens "was not convicted under § 924(c) (or sentenced under § 924(e)[,] for that matter[), so] *Taylor* . . . simply does not apply to his case." Doc. 201 at 10. It also argues, to the extent that Stephens contends that § 1951(a) is void for vagueness, the lack of any specific argument to that effect dooms his claim.[2] *See id.* The Government is correct. *See, e.g., Mincey v. United States*, 2010 WL 2636022, at *2 (S.D. Ga. June 29, 2010) (movant "cannot rest on speculation, conclusory assertion, or . . . mere suggestion . . . ."). Nowhere in Stephens' Motion

---

[2] This analysis, if anything, overstates the merits of Stephens' claims. As the Government points out, there is reason to doubt that Stephens even asserts that the Hobbs Act is unconstitutionally vague. Doc. 201 at 10. Stephens' assertion that his conviction "is unconstitutionally vague under 18 U.S.C. § 924(c)(3)(B)," doc. 199 at 4, perhaps belies a fundamental misunderstanding of the issues involved. It appears that Stephens has merely lifted language from the *Taylor* decision with little, if any, regard for its application to the facts of his case. *Cf. Taylor*, 142 S. Ct. at 2019 ("In *Davis*, this Court held § 924(c)(3)(B)'s residual clause unconstitutionally vague . . . ."). The assertion that the Hobbs Act is "unconstitutionally vague *under*" another federal criminal statute verges on incoherence.

6

or his response does he ever cogently explain why his conviction or sentence is affected by whether or not Hobbs Act robbery is a crime of violence, within the meaning of § 924. *See generally* docs. 199 & 204. Since Stephens' sole ground for relief lacks any discernable merit, the Government's Motion to Dismiss should be **GRANTED**. Doc. 201.

Whether or not they are substantively meritless, the Government is also correct that Stephens' claim is procedurally defaulted. A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, *id.* at 167–68, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279–80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A procedural default may be

overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted). "[T]o show cause for procedural default, [petitioner] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . ." *Lynn*, 365 F.3d at 1235. The movant bears the burden of proof of establishing his excuse for a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

Stephens does not dispute that he did not raise his claims on direct appeal. *See* doc. 199 at 4. Stephens' explanation for his failure to raise his claims during his direct appeal are not clear. He states that "[a]t the time of sentencing the count of conviction was considered a violent crime," citing to several Supreme Court cases. *Id.* at 9. He concludes that "[b]y law the count of conviction is now invalid as also seen by the Constitution." *Id.* That explanation does not establish cause for his failure. Of the cases he cites, only *Taylor* was decided after his 2021 conviction. *See id.*; *see also United States v. Davis*, ___ U.S. ___, 139 S.

Ct. 2319 (2019); *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018); *Johnson v. United States*, 576 U.S. 591 (2015). As the Government points out, those cases all concern applications of § 924, which is irrelevant to Stephens' conviction. *See* doc. 201 at 8 n. 6. However, even assuming some application to Stephens' conviction, the fact that those cases had been decided before he was convicted means that any defect they might have exposed was available to him on direct appeal. Moreover, as the government also points out, *Taylor* was argued before the Supreme Court before his appeal. *See id.* at 8. The fact that Taylor could raise those arguments means that Stephens could have as well. *See, e.g., Lynn*, 365 F.3d at 1235 ("In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." (citations omitted)). For the reasons explained above, he cannot show either cause or prejudice. *See* doc. 201 at 8-9. Stephens, therefore, has not meet his burden to excuse his procedural default.

A movant's procedural default may also be excused if he can show a "miscarriage of justice[ ] or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). It is well-established that the

9

"actual innocence" exception to the procedural default rule is "exceedingly narrow in scope as it concerns . . . 'actual' innocence rather than . . . 'legal' innocence. *Lynn*, 365 F.3d at 1235 n. 18 (quoting *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001)). As the Supreme Court succinctly puts it: " '[A]ctual innocence' means factual innocence . . . ." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Stephens does not contend that he is factually innocent of the Hobbs Act conspiracy charge to which he pleaded guilty.

## CONCLUSION

For the reasons explained above, Stephens' Motion to Appoint Counsel is **DENIED.** Doc. 203. The Government's Motion to Dismiss should be **GRANTED**, doc. 201, and Stephen's § 2255 Motion should be **DISMISSED**, doc. 199. Civil action CV422-283 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United

10

States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA